UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 6:24-CR-65-REW-HAI-2 |
| v. ) | |
| ) | ORDER |
| CHAD STEVENS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 62 (Minute Entry), United States Magistrate Judge Hanly A. Ingram recommended that the undersigned accept Defendant Chad Stevens's guilty plea and adjudge him guilty of Count Three of the Indictment. *See* DE 63 (Recommendation); *see also* DE 60 (Plea Agreement). Judge Ingram expressly informed Stevens of his right to object to the recommendation and secure *de novo* review from the undersigned. *See* DE 63 at 2–3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate [judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection"

filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 63, **ACCEPTS** Stevens's guilty plea, and **ADJUDGES** Stevens guilty of Count Three of the Indictment.

2. The Court will issue a separate sentencing order.[1]

This the 4th day of April, 2025.

Signed By:
*Robert E. Wier*
United States District Judge

---

[1] At the hearing, Judge Ingram remanded Stevens to custody. *See* DE 62. This was his status pretrial. *See* DE 18. Absent an intervening order, Stevens will remain in custody pending sentencing.